Order filed December 8,
2011

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-11-00284-CV

                                                    __________

 

                        RABBI
LEVERTOV, AS D/B/A OF CHABAD 

                                  HOUSE-LUBAVITCH,
Appellant

                                                             V.

          HOLD PROPERTIES,
LTD. AND SOCIETY OF CERTIFIED 

                       INSURANCE
COUNSELORS, INC., Appellees



 

                              On
Appeal from the County Court at Law No. 1

                                                            Travis
County, Texas

                                           Trial Court
Cause No. C-1-CV-09-007813

 



 

                                                                     O
R D E R

 

Rabbi Levertov, as d/b/a of Chabad House-Lubavitch, filed a notice
of appeal from a judgment entered in this case in favor of the plaintiffs, Hold
Properties, Ltd. and Society of Certified Insurance Counselors, Inc.  Upon the
filing of the clerk’s record on November 10, 2011, we notified the parties that
the judgment did not appear to be a final, appealable judgment.  We requested
that appellant respond and show grounds to continue the appeal.  Appellant
responded, stating that the judgment appears to be final on its face and
disposes of all claims.  We disagree.  Consequently, we abate the appeal
pursuant to Tex. R. App. P. 27.2
to permit the trial court to render a final judgment.  

            Except
for “a few mostly statutory exceptions,” this court’s jurisdiction is limited
to appeals from final judgments.  Lehmann v. Har-Con Corp., 39 S.W.3d
191, 195 (Tex. 2001).  We determine whether a judgment is a final, appealable
judgment based on the language in the judgment and the record of the case.  Id. 
A judgment is final and appealable if it disposes of all parties and all claims
in the case.  Id.  

            In
their petition, the plaintiffs asserted claims for rent, leasehold improvements,
and attorney’s fees.  The plaintiffs filed a motion for summary judgment as to all
of their claims.  The trial court entered an order in which it granted the
motion in part—awarding only part of the rent that was requested and attorney’s
fees—and denied the motion in part.  The plaintiffs subsequently filed a motion
for summary judgment on the remaining issues: post-eviction rent and leasehold
improvements.  The trial court entered a second order entitled Order Partially
Granting Plaintiff’s Partial Motion for Summary Judgment on Remaining Issues
and Denying Defendant’s Motion for Summary Judgment on its Affirmative Defenses
Against Plaintiff’s Claims.  In this order, the trial court specifically
“GRANTED” the plaintiffs’ motion as to their claim for rent and “DENIED” the
motion as to their claim for the costs of leasehold improvements.  Based upon
these two orders, the plaintiffs moved for final judgment, and the trial court
entered what, on its face, appears to be a final judgment.  However, this
judgment, entitled “FINAL JUDGMENT,” does not dispose of all parties and all
claims.  Nothing in the record shows that the plaintiffs’ claim for leasehold
improvements has been nonsuited, severed, or otherwise finally disposed of in
the trial court; the denial of summary judgment as to that claim did not
dispose of it. 

We
hold that, although the judgment may purport to be final, it is not; it does
not dispose of all parties and all claims.  Because the trial court has not
disposed of all of the claims before it, we do not have jurisdiction to
entertain an appeal at this time.  We abate the appeal pursuant to Rule 27.2 so
that the trial court may render a final judgment.  The trial court is
instructed to do so on or before January 9, 2012, and the court reporter and
district clerk are ordered to file any supplemental records relating to the
entry of a final judgment on or before January 19, 2012.  

            The
appeal is abated.

 

December 8, 2011       
                                                                       PER
CURIAM

Panel consists of:  Wright, C.J.,

McCall, J., and Kalenak, J.